IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE GARZA, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:20-CV-575-O |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Jose Garza, a federal prisoner confined at FMC-Fort Worth, against Eric Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I.  BACKGROUND**

Petitioner is serving a term of 168 months' imprisonment for his 2016 conviction in this Court for conspiracy to commit to possess with intent to distribute a controlled substance. J. & Order, United States v. Garza, Criminal Action No. 4:16-cr-00030-O(02), ECF Nos. 102 & 115. In this bare-bones petition, Petitioner indicates that the petition concerns a prison disciplinary proceeding and that he is confined in the special housing unit at the prison. Pet. 2-3, ECF No. 1. Respondent provides the following information relevant to the case:

> On June 25, 2018, Petitioner was issued an incident report for threatening an officer who was attempting to search his cell. Petitioner received sanctions, including disciplinary segregation following a disciplinary hearing. He was then held in the Special Housing Unit (SHU) in administrative detention awaiting a transfer. He subsequently received additional sanctions of disciplinary segregation for additional misconduct and then again was held in administrative detention awaiting a transfer. If he receives all projected good conduct time, it is anticipated he will be released from custody on March 17, 2028.

Resp't's Resp. 1-2, ECF No. 7 (record citations omitted).

## II. ISSUES

In what appears to be a challenge to his current housing, Petitioner raises the following two grounds for relief, verbatim (all spelling and/or grammatical errors are in the original):

(1) I have been in the [SHU] more than 18 months, which I am not detained on disciplinary detention [in violation of prison policies]; and

(2) I have not received the proper medical since SHU placement which cause me to lose one kidney.

Pet. 5, ECF No. 1. He seeks to be released from the SHU into the general population or transferred to a "proper medical center." *Id.* at 7.

Respondent asserts that the petition should be dismissed for lack of subject matter jurisdiction because petitioner's claims involve a condition of his confinement–his continued detention in the SHU, and not the execution of his sentence, or, alternatively, the petition should be dismissed for failure to exhaust prison administrative remedies. Resp't Resp. 2-6, ECF No. 7.

## III. EXHAUSTION

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); Bureau Program Statement 5160.05. An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally

to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

Petitioner acknowledges that he has not pursued his administrative remedies, but claims that the "prison staff refuse to give [him] remedies when [he] request [sic] them from unit team." Pet. 2, ECF No. 1. Assuming that to be true, his administrative remedies have been rendered unavailable. *See Schipke v. Van Buren,* 239 Fed. App'x 85, 86 (2007 WL 2491065, at *1 (5th Cir. Aug. 30, 2007) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)). Thus, the Court considers Petitioner's claims despite the lack of exhaustion.

## IV. DISCUSSION

Where a prisoner challenges an unconstitutional condition of confinement or prison procedure, the proper vehicle is a civil-rights action if a determination in the prisoner's favor will not automatically result in his accelerated release. *See Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir. 1997); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994); *Bowen v. Reese,* 306 Fed. App'x 59, 60, 2009 WL 22885, at *1 (5th Cir. Jan. 5, 2009). Detention in the SHU, in itself, has no impact on the duration of Petitioner's confinement such as to implicate § 2241. *See Banks v. Reese,* 274 Fed. App'x 360, 361, 2008 WL 1747117, at *1 (5th Cir. Apr. 15, 2008); *Dixon v. Hastings,* 202 Fed. App'x 750, 752, 2006 WL 2985893, at *2 (5th Cir. Oct. 18, 2006). Therefore, to the extent Petitioner seeks to be transferred from the SHU to general population, he fails to state a claim for habeas relief.

To the extent Petitioner seeks to be transferred to another medical center, the Bureau of Prisons may confine a prisoner in any facility and transfer him at any time. *Olim v. Wakinekona,* 461

3

U.S. 238, 245 (1983). Federal prisoners generally have no constitutional right to placement in a particular penal institution or to be transferred from one prison facility to another. *Id.*; *Meachum v. Fano,* 427 U.S. 215, 225 (1976). Therefore, Petitioner has no right to a transfer to another medical center.

## IV.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED** on this 22nd day of January, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE